## HARRY PIPE *v.* THE STATE.

INSTIGATING WILLFUL BURNING — EVIDENCE. — Appellant was convicted of instigating his minor sons to burn a fence, the property of one K. The proof against him was that his sons, by his direction, brought fire into his own field, whence, by means of the grass, it communicated to, and burned, the fence. But there was no proof of any instigation to burn the fence, or of any design, either on his part or that of his sons, that it should be burned; whereas, on the contrary, the testimony concurred in proving that they labored to stop the fire, and that he specially exerted himself to save the fence. *Held,* that the conviction is not supported by the evidence, and it was error to refuse a new trial applied for on that ground.

APPEAL from the County Court of Hunt. Tried below before the Hon. H. B. SIMONDS, County Judge.

It was proved that, in a civil suit originating from the same fire, the appellant testified that he told his boys to bring the fire to the field, but for what purpose is not explained. The date of the affair, however, was December 1, 1876, when a fire may have been genial company. The head-note embodies the substance of the evidence. The defendant introduced no witnesses.

*T. D. Montrose*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State, submitted the case on the record.

WHITE, J. The appellant was indicted for instigating

his two sons, who were minors, to burn a lot of fence-rails, the property of one J. T. Kennedy. The indictment charged that the burning by the minors was done willfully.

The two statutes upon which the indictment was based read as follows : "When it shall appear that a minor was aided or instigated in the commission of an offense by a relative in the ascending line, * * * such relative * * * shall receive double the punishment imposed by law in ordinary cases for the same offense." Pasc. Dig., art. 1641. "If any person shall willfully burn any personal property belonging to another, he shall be fined not exceeding five times the value of the property destroyed." Pasc. Dig., art. 2336.

We are of the opinion that the evidence disclosed by the record wholly fails to substantiate the charge in the indictment, and the court below consequently erred in overruling defendant's motion for a new trial. The state introduced three witnesses on the trial; the defendant none. The evidence shows substantially that the two minor sons of defendant carried fire down into the field, where defendant was at work plowing. The grass caught from the fire, and the boys, after fighting it, seemed to have put it out. Subsequently it broke out again, and spread towards, and finally caught, Kennedy's fence. The testimony shows that the boys and defendant, and a female member of his family, and other parties were fighting the fire and doing apparently all they could to extinguish it and save Kennedy's fence.

There is little or no difference in the statements of witnesses. S. O. Richardson, one of the state's witnesses, says : "He went down to where the fire was, which had already burned to the fence, and said fence was then burning, which defendant was pulling down and scattering on the ground behind the fence, the grass being burned off on both sides of the fence ; that he told defendant to come to another

place, where he could aid in checking the fire and stop it from burning the farms ahead, that he couldn't do any good there; but the defendant refused to leave said fence or discontinue his efforts to save it, and continued to pull out the burning rails and scatter them upon the ground; that defendant worked faithfully and earnestly to save said fence. The fence that defendant was so faithfully and earnestly trying to save was the fence of J. T. Kennedy, and the same he is charged with having willfully burned.''

The impression made upon our minds by the testimony in the record is that the damage done to the fence by the fire was caused by accident, or by negligence upon the part of the boys, and that the burning of the fence by the fire was not a willful act of theirs. There is no evidence that the defendant instigated his sons to the willful burning of Kennedy's fence. That was the charge against him in the indictment, and, unless it was proven, he should not have been convicted.

For the reason that this court is of opinion that the verdict and judgment are contrary to and against the evidence, and that, therefore, the court erred in refusing the new trial, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*